FILED

**NOT FOR PUBLICATION**

JUN 21 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LONI VLASIS, | No. 09-55794 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00890-DMS-BLM |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Loni Vlasis appeals the district court's grant of the government's motion for summary judgment on her claim that the administrative law judge ("ALJ") improperly denied her application for disability benefits under Title XVI of the Social Security Act. We reverse and remand for an award of benefits.

Both of Vlasis's treating physicians opined that she was markedly limited in her ability to complete a normal workweek, to get along with coworkers, to respond appropriately to changes in the work setting, and to perform activities within a schedule. Therefore, the ALJ had to provide specific and legitimate reasons, supported by substantial evidence, for discounting those opinions. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Contrary to the ALJ's decision, the opinions of Dr. Buchert and Dr. Donnelly were not sufficiently rebutted by the testifying medical expert. The medical expert's paper review of the doctors' treatment notes fails to overcome the significant weight this court affords to those medical professionals who see the patient on a regular basis and can thus more accurately determine the patient's work limitations.

We have discretion whether to remand the case for additional evidence or to award benefits. Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989). The vocational expert testified that the limitations described by the treating physicians would render Vlasis incapable of performing any work. Therefore, there are no

outstanding issues to be resolved that would preclude us from making a disability determination. Because the treating physicians' opinions in this case are controlling, we reverse and remand for an award of benefits.

**REVERSED and REMANDED.**